1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKB PETROLEUM, INC.,<br><br>                                        Plaintiff,<br><br>v.<br><br>CIRCLE K STORES INC., et al.,<br><br>                                        Defendants. | Case No. 23-cv-388-MMA (DEB)<br><br>**ORDER GRANTING JOINT MOTION TO STAY CASE**<br><br>[Doc. No. 9] |

On February 28, 2023, Plaintiff AKB Petroleum, Inc. initiated this action against Defendant Circle K Stores Inc.  Doc. No. 1.  On March 30, 2023, Defendant filed an Answer.  Doc. No. 13.  The parties now jointly move the Court to stay this case. According to the parties, this case is substantially similar to the case of *Windy Cove et al. v. Circle K Stores, Inc.*, Case No. 21-cv-1416-MMA-DEB ("*Windy Cove*").  Judgment was entered in favor of Circle K in *Windy Cove*, and the Court's Summary Judgment Order and Entry of Judgment are pending appeal.  *See* USCA Case No. 23-2679.  The parties agree that disposition of the appeal in *Windy Cove* will likely "aid and provide guidance as to the issues presented in the present case, or at least the important issues in this litigation, and will be of benefit to both the Court and the Parties in the litigation and disposition of the present case."  Doc. No. 9 at 3.  Accordingly, the parties ask the Court to stay this case pending the *Windy Cove* appeal.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citations omitted).

In determining whether to grant a stay, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including:

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (identifying the *Landis* factors)). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255).

Here the Court finds that the *Landis* factors weigh in favor of granting a stay. A stay will result in minimal to no damage, hardship, or inequity to either party. Further, the overlapping factual and legal issues weigh in favor of a stay, and granting a stay would allow the Court to better manage its resources. Accordingly, the Court **GRANTS** the parties' joint motion and **STAYS** this case pending resolution of the *Windy Cove*

appeal.  The Court **DIRECTS** the parties to file a joint motion to lift the stay within **fourteen (14) days** of the final resolution of the *Windy Cove* appeal.

      **IT IS SO ORDERED**.

Dated:  November 8, 2023

HON. MICHAEL M. ANELLO
United States District Judge